In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-518 CV


____________________



DONALD RAY MCCRAY, Appellant



V.



CLERK OF THE COURT, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-168,162






MEMORANDUM OPINION


 Donald Ray McCray appeals from the dismissal of a suit filed against the "Clerk
of the Court." Because the appeal involves the application of well-settled principles of
law, we deliver this memorandum opinion. Tex. R. App. P. 47.4. 

 This litigation has its genesis in another suit filed by McCray. According to the
allegations in the plaintiff's original petition, McCray filed a suit in the 136th District
Court, and that suit was dismissed pursuant to Chapter 14 of the Texas Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). 
McCray filed this suit, naming the "Clerk of the Court" as the defendant, alleging that he
was denied due process in the appeal of a unit grievance. Although it is difficult, if not
impossible, to determine from his pleadings what wrongful act the Clerk of the Court was
alleged to have committed, McCray cited statutes relating to the appeal process for claims
subject to the inmate grievance system. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005 (Vernon 2002); Tex. Gov't Code Ann. § 501.008 (Vernon 1998). 

 The "Clerk of the Court" filed an answer that alleged that the clerk is entitled to
derivative judicial immunity for acts taken on behalf of the court, and a motion to dismiss
the suit because the claims brought in the suit are legally frivolous. The trial court ruled
that the claims brought in McCray's petition were frivolous and dismissed the suit. 

 The sole issue raised on appeal complains that the clerk of the court did not specify
what subsection of Section 14.003 the clerk relied upon to support the motion. McCray's
argument is not supported by the appellate record. The defendant's reliance on Section
14.003(a)(2) is evident from the text of the motion, which states, "As such the claim
brought is legally frivolous and should be dismissed." Section 14.003(a)(2) authorizes the
trial court to "dismiss a claim . . . if the court finds that . . . the claim is frivolous or
malicious. . . ." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). We
overrule the issue presented and affirm the judgment.

 AFFIRMED.


 PER CURIAM




Submitted on February 17, 2003

Opinion Delivered February 27, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.